United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
### for the Fifth Circuit

---

m 02-41404

---

IN THE MATTER OF:

CLAMONT ENERGY CORPORATION INC.,

Debtor.


LEO ROGER DUGAS,

Appellant,

VERSUS

JASON R. SEARCY,

Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
m 1:02-CV-27

---

Before HIGGINBOTHAM, SMITH, and
   CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leo Dugas seeks review of the district court's order dismissing his appeal from a final order of the bankruptcy court. Because the district court lacked jurisdiction over the appeal, we affirm.

I.

This appeal arises from an adversary proceeding that commenced May 10, 1993, which related to chapter 7 bankruptcy proceeding concerning the estate of Clamont Energy Corporation Inc. ("Clamont"). Appellee Jason Searcy served as the trustee of Clamont. The bankruptcy court approved a settlement between Searcy and Dugas on February 23, 1994 ("settlement order").

On May 14, 1996, the bankruptcy court ordered that the adversary proceeding be remanded to state court. Dugas appealed that remand order. The district court dismissed the appeal for lack of jurisdiction on November 26, 1996; we affirmed the dismissal order. The case was closed February 3, 1998.

On October 29, 2001, Dugas filed a motion to show cause why Clamont should not be held in contempt of the settlement order. The bankruptcy court issued an order on November 8, 2001 ("first November order"), striking appellant's motion because the case was closed. On November 19, 2001, Dugas moved to vacate the settlement order; this motion was stricken by the bankruptcy court's November 29, 2001, order ("second November order"). Briefs filed by both parties were also stricken by a December 12, 2001, order ("December order") because the case was closed and the question had already been decided in the November order.

On December 19, 2001, Dugas filed a notice of appeal to the district court; Searcy filed a motion to dismiss the appeal as untimely on January 14, 2002. The district court entered an order on September 16, 2002, dismissing the appeal as untimely.

II.

Dugas appealed to the district court seeking review of the bankruptcy court's striking of his motion seeking a contempt order and its refusal to vacate the settlement order. The bankruptcy court denied consideration of these questions with its first and second November orders, respectively. These orders were both final orders disposing of the motions.

Dugas filed his notice of appeal to the district court on December 19, 2001. He therefore missed the ten-day deadline prescribed by the Federal Rules of Bankruptcy Procedure with respect to both orders. *See* FED. R. BANKR. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of judgment, order, or decree appealed from.").

"Failure to file a timely notice of appeal deprives the district court of jurisdiction to consider the appeal." *In re Don Vincente Macias, Inc.*, 168 F.3d 109, 211 (5th Cir. 1999) (punctuation omitted). Because the district court lacked jurisdiction, we also lack jurisdiction over the merits raised on appeal by

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dugas. *See id.* The district court's dismissal of the appeal is therefore AFFIRMED.